**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**RICHARD ALAN DAVIS
ADC #89568** **PLAINTIFF**

**v.** **No: 2:22-cv-00031 JM-PSH**

**TIANTHA A. WESTBROOK** **DEFENDANT**

# PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Richard Alan Davis, an inmate at the Arkansas Division of Correction's East Arkansas Regional Unit ("EARU"), filed a complaint pursuant to 42 U.S.C. § 1983 on February 25, 2022, asserting that defendant Tiantha A. Westbrook violated his constitutional rights by filing a retaliatory disciplinary

against him after viewing a grievance he wrote on March 10, 2021 (Doc. No. 2). The Court granted his application to proceed *in forma pauperis* and ordered service on Westbrook (Doc. No. 3). Davis then filed an amended complaint describing his claims in more detail and attaching a copy of the March 10, 2021 disciplinary (Doc. No. 4).

Westbrook has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a brief in support, asserting that Davis previously brought the same claim in another lawsuit (Case No. 2:21-cv-00038) which was dismissed for failure to state a claim upon which relief may be granted (Doc. Nos. 13 & 14). Davis filed a brief in opposition to Westbrook's motion (Doc. No. 18).

## II. Legal Standard

When considering a motion for judgment on the pleadings, the Court must accept as true "all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Although a *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), a plaintiff must make sufficient factual allegations to "raise a right to relief above the speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A

complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable. *Twombly* at 570. "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *See id.* If matters outside the pleadings are presented and not excluded by the Court, the motion should be treated as one for summary judgment pursuant to Rule 56. *See* Federal Rule of Civil Procedure 12(d). In this instance, matters outside the pleadings have not been presented by the parties.

## III. Analysis

### *A. Official Capacity Claim*

Westbrook correctly asserts that Davis' official capacity claim for money damages should be dismissed. A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any such official capacity claim for monetary damages is barred by the doctrine of sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989); *Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). Davis' claim against Westbrook in her official capacity should therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### *B. Individual Capacity Claim*

Westbrook asserts she is entitled to qualified immunity as to Davis' individual capacity claim because Davis has not alleged sufficient facts to describe a viable constitutional claim. Qualified immunity protects government officials from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015).

Davis alleges that Westbrook, a Sergeant at the EARU, brought disciplinary charges against him in retaliation for a grievance he wrote naming her. Doc. Nos. 2, 4. This Court has already determined that Davis' retaliation claim against Westbrook failed as a matter of law because his March 10, 2021 disciplinary conviction was supported by some evidence that he violated prison rules. In *Davis v. Westbrook,* Case No. 2:21-cv-00038, U.S. Magistrate Judge J. Thomas Ray

reviewed Davis' allegations against Westbrook and a copy of the March 10, 2021 disciplinary and recommended dismissal of Davis' claims for failure to state a claim upon which relief may be granted (*see* Doc. No. 5 in No. 2:21-cv-00038). United States District Judge James M. Moody, Jr. adopted that recommendation (*see* Doc. No. 7 in No. 2:21-cv-00038). The undersigned has reviewed Davis' allegations in both cases, and they are the same; the same disciplinary is at issue. Accordingly, Davis' retaliation claim against Westbrook fails as a matter of law for the reasons set forth in Judge Ray's recommendation.[1] This case should therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## IV. Conclusion

For the reasons stated herein, it is recommended that Westbrook's motion for judgment on the pleadings (Doc. No. 13) be granted. Davis' claims against Westbrook should be dismissed with prejudice for failure to state a claim upon which relief may be granted, and dismissal of this action should be considered a "strike" within the meaning of 28 U.S.C. § 1915(g). All other pending motions should be denied as moot.

IT IS SO RECOMMENDED this 29th day of September, 2022.

____________________________________
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Davis did not address or distinguish his prior case in his response to Westbrook's motion for judgment on the pleadings. *See* Doc. No. 18.